# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-10714
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY SMITH, IV,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-267-ALL

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tommy Smith, IV, appeals his sentence of 110 months of imprisonment for possession of a firearm by a convicted felon. Smith argues that the district court erred by imposing a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) because a preponderance of the evidence did not establish that Smith possessed the firearm in connection with his possession of narcotics. Smith asserts that the 2006 amendments to § 2K2.1 and its application notes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

added a requirement that the firearm be in close proximity to the narcotics and possess a relationship with the narcotics felony.

We have recently noted that the 2006 amendment to the guideline reinforces this court's precedent. *See United States v. Anderson*, 559 F.3d 348, 357 & n.16 (5th Cir.), *cert. denied*, 129 S.Ct. 2814 (2009). Under that precedent, Smith's firearms were readily available to protect the narcotics that Smith had hidden in a different air conditioning vent less than ten feet away, and had the potential to facilitate his drug-related activities. *See United States v. Condren*, 18 F.3d 1190, 1200 (5th Cir. 1994); § 2K2.1, comment. (n.14(A)). In light of *Condren*, in which the firearm at issue was locked in a desk drawer, the fact that Smith would have to unlatch two thumb latches to reach the firearms in the vent did not make the firearms unavailable. *See Condren*, 18 F.3d at 1191 n.1, 1199-1200. Moreover, it was within the district court's province to credit the testimony of the police officer that Smith had admitted having the guns to protect the narcotics. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996); *see also* 18 U.S.C. § 3742(e). Similarly, it was within the province of the district court to find *not* credible Smith's testimony he did not admit to the officer that he had the guns to protect the drugs. Smith has failed to show that the district court's conclusion that Smith had the firearms to protect the narcotics was implausible in light of the record as a whole. *See Condren,* 18 F.3d at 1199. Thus, Smith failed to show that the district court clearly erred in imposing a four-level enhancement pursuant to § 2K2.1(b)(6). *See id.*

Smith raises no challenge to the substantive reasonableness of his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.